UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRANK INMAN, )<br>)<br>       Plaintiff )<br>)<br>v. )<br>)<br>WENDY RIEBE, et al., )<br>)<br>       Defendants ) | 2:15-cv-00080-JAW |

**RECOMMENDED DECISION
ON MOTION FOR BAIL**

In March 2015, Plaintiff Frank Inman filed a Complaint in which he named Wendy Riebe, Robert Clinton, and George Stockwell as Defendants. On March 4, 2015, the Court granted Plaintiff's Motion to Proceed *In Forma Pauperis*. On May 22, 2015, Defendants filed a Motion to Dismiss.

The matter is before the Court on Plaintiff's Motion for Bail (ECF No. 7).[1] Plaintiff asserts (1) that he is being transferred to the Maine State Prison in retaliation for filing his civil actions and his petition for writ of habeas corpus; (2) that assignment to the Maine State Prison "will only put [his] life at risk"; (3) that inmates mistreat him for his testimony at another trial; and (4) that he has not been properly treated for his mental health. (*Id.* at 1.) In his additional letter to the Court, Plaintiff contends he is a victim of discrimination due to his mental health and Huntington's disease. (ECF No. 8 at 1.)

As explained below, following a review of the pleadings, the recommendation is that the Court deny Plaintiff's request for bail.

---

[1] Plaintiff also filed an additional letter in support of his motion for bail (ECF Nos. 8).

#### DISCUSSION

Given that a plaintiff-inmate does not have a constitutional right to be released from jail even to attend the civil trial, *Jones v. Hamelman*, 869 F.2d 1023, 1029 – 30 (7th Cir. 1989); *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 111 – 12 (4th Cir. 1988), Plaintiff arguably is not entitled to be bailed in a civil case for reasons other than to attend trial (e.g., for medical reasons as Plaintiff requests). Nevertheless, if one assumes that bail is available under certain circumstances, because Plaintiff is an inmate in state custody following a conviction, the most analogous authority through which to analyze Plaintiff's request for bail is the law of habeas corpus.[2] In a habeas petitioner's unopposed motion for bail pending the disposition of his petition for certiorari, Justice Rehnquist concluded, "it is no part of the function of the federal courts to allow bail in federal habeas review of state proceedings" in the absence of "extraordinary circumstances," even when the State did not oppose bail. *McGee v. Alaska*, 463 U.S. 1339, 1340 (1983) (Rehnquist, J.); *see also Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J.) (concluding that a petitioner seeking bail pending review of a collateral proceeding must demonstrate a substantial question and exceptional circumstances).

The First Circuit has also noted: "While the federal power remains, we regard a petitioner who has had a full trial and appeal as in a very different posture than if there had been no prior judicial determination of his rights. Nowhere is this more significant than with regard to bail."

---

[2] Whether a plaintiff in a general civil case is ever entitled to bail, other than as is necessary to attend and participate in the trial, is not entirely clear. Supreme Court precedent, however, suggests that a federal court is not authorized to award bail to a state prisoner in connection with non-habeas civil litigation. *Cf. Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("Throughout the legal journey from *Preiser* [*v. Rodriguez*, 93 S. Ct. 1827 (1973)] to [*Edwards v.*] *Balisok*, [117 S. Ct. 1584 (1997),] the Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody."). In any event, if Plaintiff cannot establish that he would be entitled to bail under the habeas standard, one could reasonably conclude that Plaintiff would not be entitled to bail in his civil case. Indeed, even if he prevailed in his civil case, Plaintiff would not be released from jail.

*Glynn v. Donnelly*, 470 F.2d 95, 97 (1st Cir. 1972).  In *Glynn*, the First Circuit held that after a defendant has been convicted and the conviction upheld, there is no presumption favoring bail, but rather

> the state acquires a substantial interest in executing its judgment.  Quite apart from principles of comity, this combination of factors dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies. . . .  Both in the district court, and on appeal, in the absence of exceptional circumstances – whatever that may include – the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, but a clear, and readily evident, case on the facts.

*Id.* at 98 (citations omitted).  "Release should be granted to an offender pending collateral review only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective."  *United States v. Vogel*, 595 F. App'x 416, 416-17 (5th Cir. 2015) (quotation marks omitted).  "This much is clear: federal courts very rarely find 'exceptional circumstances' and very rarely release petitioners before ruling on the merits of their claims.  Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims."  *Blocksom v. Klee*, 2015 WL 300261, at *4 & n.2, 2015 U.S. Dist. Lexis 6974, *12 (E.D. Mich. Jan. 22, 2015) (citing *Puertas v. Overton*, 272 F. Supp. 2d 621 (E.D. Mich. 2003) (holding that the petitioner's grave medical condition, combined with his showing of a substantial claim of law, justified the grant of the petitioner's motion for a bond pending review of his petition)).

Here, while Plaintiff has identified certain medical concerns that he believes justify bail, he has failed to assert facts that constitute "exceptional circumstances."  In fact, although in one of his civil actions, Plaintiff alleges that he has experienced "shaking, muscle spasms, chest pain, difficulty breathing and trouble walking or standing" (Complaint, No. 2:15-cv-00081-JAW, ECF

No. 1 at 3),³ Plaintiff has not filed any evidence or records to confirm or corroborate his condition, the treatment that is required, or why his condition requires his release. Plaintiff also has failed to submit any evidence to support his safety concern. In short, Plaintiff has failed to demonstrate the necessary "exceptional circumstances" to justify bail even if the Court assesses Plaintiff's request under the bail standard in a habeas corpus action.⁴

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court deny Plaintiff's Motion for Bail (ECF No. 7).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 2ⁿᵈ day of June, 2015.

---

[3] The Court may take judicial notice of complaints filed in related cases when neither party disputes the authenticity of the complaint. *E.I. Du Pont de Nemours & Co., Inc. v. Cullen*, 791 F.2d 5, 7 (1st Cir. 1986). In one of Plaintiff's civil claims, he alleges that a nurse told him that he was having a panic attack relating to his surroundings in a restricted area, and he alleges that the nurse put him on a list to see the doctor and a mental health worker, but neither appointment took place. (Complaint, No. 2:15-cv-00081-JAW, ECF No. 1 at 4.) In this case, Plaintiff alleges that he has received improper treatment after having been diagnosed with Huntington's disease. (Complaint, ECF No. 1 at 4.)

[4] Although an inmate may be permitted to attend a civil trial, or a portion thereof, pursuant to a writ of habeas corpus ad testificandum, 28 U.S.C. § 2241(c)(5), at this time it is uncertain whether there will be a trial on Plaintiff's claims or any other reasons to obtain his testimony in open court. If the Court adopts this recommendation, therefore, the Court's order would not interfere with Plaintiff's ability to attend and participate in the trial.