UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00080-JAW |
| | ) | |
| WENDY RIEBE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDED DECISION

In this action, Plaintiff Frank Inman alleges that Defendants violated his rights in connection with the medical care that Defendants provided to him as an inmate at the Maine Correctional Center.  The matter is before the Court on Defendants' Motion to Dismiss (ECF No. 16). [1]

As explained below, following a review of the pleadings, and after consideration of the parties' arguments, the recommendation is that the Court grant in part and deny in part the motion.

## BACKGROUND

The facts set forth herein are derived from Plaintiff's complaint, which facts are deemed true when evaluating a motion to dismiss.[2]  *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

---

[1] The Court referred the motion for report and recommended decision.

[2] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.  Plaintiff has also filed a motion to amend (ECF No. 25), by which he seeks to add a Huntington's disease "printout."  Because the time within which Defendants may respond to the motion to amend has not expired, I have not acted on the motion.  The information included in the "printout" is not, however, material to this recommendation.

According to Plaintiff, as of the date of the complaint (February 12, 2015), Plaintiff had not received eyeglasses, although the glasses had been "authorized in July 2014," and despite the fact that Defendant Wendy Riebe told him that she would obtain the glasses for him.  (Compl. at 3.)  Plaintiff also asserts that Defendants Robert Clinton and George Stockwell did not "allow proper treatment to take place" regarding Plaintiff's migraine headaches, prior back injury, and Huntington's disease.  (*Id.* at 4.)  In support of the claim, Plaintiff alleges that Defendants "refuse to let the plaintiff have treatments" and "Plaintiff has lost a lot of weight and defendants … avoid doing anything about it or other problems that follow."  (*Id.*)

In response to Defendants' motion, Plaintiff represents that he has a "specialist at the Massachusetts General Hospital [who] sent the defendants his recommendations on proper treatment" and that the defendants "have been pressuring me about the disease and trying to get me to say that I don't have it and therefore do not require any treatments."  (ECF No. 23 at ¶¶ 2, 3.)

### STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted."   In its assessment of the motion, courts must "assume the truth of all well-plead facts and give the plaintiff[] the benefit of all reasonable inferences therefrom."  *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)).  To overcome the motion, a plaintiff must establish that the allegations raise a plausible basis for a fact finder to conclude that the defendant is legally responsible for the claims at issue.  *Id.*

DISCUSSION

Defendants maintain that dismissal is appropriate because Plaintiff (1) has not exhausted his administrative remedies, (2) has improperly alleged official capacity claims against employees of a private corporation, and (3) has not asserted sufficient facts to support an actionable claim.

**A.      Exhaustion of Administrative Remedies**

Contrary to Defendants' assertion, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216 (2007).  Moreover, as alleged, Plaintiff "filed grievances [and] wrote the warden … and the commissioner." (Compl. at 2.)  At this stage of the proceedings, therefore, the record does not support dismissal based on Plaintiff's alleged failure to exhaust his administrative remedies.

**B.      Deliberate Indifference**

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const. amend. VIII.  "From this brief amendment, courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded."  *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan,* 511 U.S. 825, 832 (1994)).  "Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment."  *Id.* (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)).[3]

---

[3] As stated in *Estelle*:

> An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met.  In the worst cases, such a failure may actually produce physical torture or a lingering death, the evils of most immediate concern to the drafters of the [Eighth] Amendment.  In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose.  The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency as manifested in modern legislation codifying the common-law view that it is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself.

429 U.S. at 103-04 (internal quotation marks and citation omitted).

3

To succeed on a claim of inadequate or delayed medical care, a plaintiff must satisfy both an objective and a subjective standard.  *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011).  The objective standard evaluates the seriousness of the risk of harm to health.  There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'"  *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).  A medical need is "serious" if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention.  *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)).  The subjective standard concerns the culpability of the defendant.  A plaintiff must present evidence that the defendant possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety."  *Farmer*, 511 U.S. at 834 (internal quotation marks omitted).  Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable."  *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)).  The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response."  *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

### 1.    *Eyeglasses*

Plaintiff's allegations might be sufficient to support an inference that Defendant Riebe's failure to secure Plaintiff's eyeglasses has been unreasonable and potentially deliberate. Nevertheless, Plaintiff's complaint does not assert an actionable claim. Although courts have recognized that deficient eyesight can present a serious medical need for glasses, not every request for glasses will raise a serious medical need.  *Kemppainen v. Aransas Cnty. Det. Ctr.*, 626 F. Supp. 2d 672, 677 (S.D. Tex. 2009) *aff'd,* 460 Fed. App'x 411 (5th Cir. 2012) (discussing when a need

4

for eyeglasses may prove serious for purposes of the deliberate indifference inquiry).  Here, Plaintiff has not asserted facts from which one could rationally infer the existence of a "serious" vision-related need.  Plaintiff merely alleges that his current glasses "are broke," but he does not assert that the glasses are unusable, the purpose for which the glasses are needed, or how he has been affected by the lack of new eyeglasses.

Because Plaintiff has not alleged sufficient facts from which one could plausibly infer that Defendant Riebe's alleged failure to secure new eyeglasses for Plaintiff constitutes the denial of treatment for a serious medical need, Plaintiff has not asserted an actionable claim against Defendant Riebe.

### 2.    *Defendants Clinton and Stockwell*

In essence, Plaintiff alleges that Defendants Clinton and Stockwell have been indifferent to and refuse to treat his symptoms of Huntington's disease, despite the recommendations of Plaintiff's physician. Defendants do not suggest that Huntington's disease is not a serious medical condition, nor that treatment of the disease is categorically inappropriate in the context of prison medical care.[4]  Instead, Defendants assert that dismissal is appropriate because Plaintiff is asking the Court to "second guess medical judgments" and "constitutionalize claims which sound in state tort law."  (Motion to Dismiss at 9, citing *Layne v. Vinzant*, 657 F.2d 468, 474 (1st Cir. 1981)). [5]

---

[4] In a reply filing, Defendants state that Huntington's disease "is not life threatening and does not require emergency treatment"; "that specialized care is likely not available for Plaintiff"; and that specialized treatment "may be unavailable" based on security and administrative considerations.  (Reply at 5, ECF No. 26.)  Defendants' arguments demonstrate the need for a record upon which to assess Plaintiff's alleged need for treatment and Defendants' reasons for denying the same.

[5] The First Circuit's opinion in *Layne* was in the context of a review of a post-trial judgment on the merits.  *Layne*, 657 F.2d at 471.  Similarly, in their reply filing, Defendants cite *Kosilek v Spencer*, 774 F.3d 63 (1st Cir. 2014), and *Cameron v. Tomes*, 990 F.2d 14 (1st Cir. 1993), both of which cases involved the First Circuit's review of judgments based on the merits rather than a review of the dismissal of a claim under Fed. R. Civ. P. 12(b)(6).

On a motion to dismiss, a court does not assess the merits of a plaintiff's substantive allegations. Rather, a court determines whether a plaintiff has alleged facts that could plausibly support a claim. *Blanco*, 802 F. Supp. 2d at 221. In this case, Plaintiff has alleged facts from which one could reasonably infer that he suffers from a serious medical condition (i.e, Huntington's disease), and that Defendants, with knowledge of his condition,[6] have denied treatment.[7] Plaintiff's complaint, therefore, alleges sufficient facts to support a claim of deliberate indifference.[8]

### 3.    *Official capacity claims*

Defendants note that Plaintiff purports to assert his claims against them in both their "individual and official capacities." (Compl. at 3, ¶ 5.) Defendants contend that because they work for a private entity, they are not state officers and, therefore, Plaintiff cannot maintain an official capacity claim against them.[9] Defendants thus seek dismissal of the "official capacity" claim against them.

Defendants observe that the distinction between a personal-capacity and an official-capacity claim is meaningless in the context of a claim against a person who is not employed by a

---

[6] Plaintiff specifically alleges that Defendants "know of plaintiffs [sic] medical issues …." (Compl. at 4.)

[7] Plaintiff alleges that Defendants "refuse to let the plaintiff have treatments." (Compl. at 4.)

[8] "A medical need is 'serious' if it is one that has been diagnosed by a physician as *mandating* treatment …." *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990) (emphasis added). In his complaint, Plaintiff alleges that he "saw a specialist for treatments [and Defendants] refuse to let the plaintiff have treatments." (Compl. at 4.) In addition, in his response to Defendants' motion, Plaintiff asserts that a specialist at Massachusetts General Hospital provided Defendants with "his recommendations on proper treatment." (Response at 1, ¶ 2.) While Plaintiff has not explicitly alleged that treatment was mandated, particularly given that a *pro se* plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), Plaintiff's allegations are sufficient to establish that the medical need regarding Plaintiff's Huntington disease is serious. Accordingly, Plaintiff's complaint should not be dismissed at this stage of the proceedings based on Plaintiff's failure to allege explicitly that treatment of the Huntington's disease was "mandated."

[9] Defendants do not contest that they are "persons" who act under color of state law for purposes of 42 U.S.C. § 1983 in connection with their provision of medical services to state prisoners.

governmental entity, but acts under color of state law pursuant to a contract between the person's employer and the governmental entity.  While Defendants' observation has merit, the distinction might inform the type of relief potentially available to Plaintiff, but would not result in the dismissal of a substantive claim.  If the nature of the relief to which Plaintiff is potentially entitled remains an issue as the case proceeds, the Court can address the issue on a more developed record. The "official capacity" issue, therefore, is more appropriate for the Court's consideration at a future time.

### CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court grant in part Defendants' Motion to Dismiss (ECF No. 16).  In particular, I recommend that the Court grant Defendants' motion as to the claim against Defendant Riebe, and otherwise deny the motion.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of June, 2015.