UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00080-JAW |
| | ) | |
| WENDY REIBE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING IN PART AND REJECTING IN PART THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on June 30, 2015 his Recommended Decision (ECF No. 27). The Plaintiff filed his objections to the Recommended Decision on July 8, 2015 (ECF No. 29). The Defendants filed their response to Plaintiff's objection to the Recommended Decision on July 27, 2015 (ECF No. 34). I have reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record.

I have made a <u>de novo</u> determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. With the exception of one issue, I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, and determine that no further proceeding is necessary.

I agree with the Magistrate Judge's recommendations as to Defendants Clinton and Stockwell. Furthermore, I concur that Mr. Inman has alleged sufficient

facts to allow an inference of deliberate indifference on Ms. Riebe's part. However, because I conclude that Mr. Inman's Complaint, as supplemented by his objections to the Recommended Decision, allege enough facts to state a claim against Ms. Riebe, I reject the Magistrate Judge's recommendation regarding Mr. Inman's need for eyeglasses.

In his Complaint, Mr. Inman stated that his eyeglasses were broken and that Ms. Riebe was authorized in July 2014 to get eyeglasses for Mr. Inman but had not done so by March 2015. *Compl.* at 3 (ECF No. 1). In his Objection to the Recommended Decision, Mr. Inman added allegations regarding the status of his eyeglasses and the nature of his uncorrected eyesight. He stated that his glasses have been unusable since November 2014, that he has been wearing glasses since he was 14 years old for everything except reading and writing, and that being deprived of his glasses for seven months has caused worsening eyesight, more frequent migraines, and increased sensitivity to light. *Pl.'s Objection to Recommended Decision* (ECF No. 29).

Not every inmate deprived of his or her eyeglasses has a claim for a serious medical condition within the meaning of Eighth Amendment. But it is equally true that some inmates who are deprived of eyeglasses may have an Eighth Amendment claim. *See Koehl v. Dalsheim*, 85 F.3d 86, 88 (2d Cir. 1996); *Newman v. Alabama*, 503 F.2d 1320, 1331 (5th Cir. 1974) ("severe harm can be occasioned by the unavailability of eyeglasses"); *Kemppainen v. Aransas Cnty. Det. Ctr.*, 626 F. Supp. 2d 672 (S.D. Tex. 2009). The *Koehl* Court observed that visual deficiencies such as

double vision and the loss of depth perception can "readily cause a person to fall or walk into objects . . . ." *Koehl*, 85 F.3d at 88. The District of New Hampshire arrived at the same conclusion. *Palermo v. White*, No. 08-cv-126-JL, 2008 U.S. Dist. LEXIS 80047, at *15 (D.N.H. Sept. 5, 2008) ("An allegation of inadequate vision care can support a valid § 1983 action challenging the improper denial of medical care"); *Rowe v. Rivera*, 2000 U.S. Dist. LEXIS 9097, at *20 (D.N.H. June 15, 2000) ("A medically documented need for eye glasses that is known by the defendants and ignored may give rise to a claim that the defendants were deliberately indifferent to the plaintiff's serious medical need"); *see Colwell v. Bannister*, 763 F.3d 1060, 1063 (9th Cir. 2014) (concluding that the Nevada Department of Corrections' "one eye" policy, allowing cataract surgery for only one of a prisoner's eyes was "the paradigm of deliberate indifference" and was constitutionally infirm).

Other district courts have come to the same conclusion when reviewing allegations at the motion to dismiss stage. *See, e.g., Bruce v. Wilson*, 2013 WL 5890793, at *5 (D. Colo. Nov. 4, 2013) (Inmate's allegations that his lack of eyeglasses caused painful headaches and deterioration of his vision were sufficient to survive a motion to dismiss); *Johns v. Goord*, 2010 WL 3907826, at *4 (N.D.N.Y. Sept. 30, 2010) (Inmate's claim survived a motion to dismiss when he alleged that he suffered from dry eyes, extreme eye pain, excruciating headaches, a loss of vision, and loss of balance).

I recognize that a party must make all of his arguments to the Magistrate Judge, as the Defendants rightfully point out. Based on the very limited allegations

in the Complaint, the Magistrate Judge was certainly justified in concluding that Mr. Inman had not satisfactorily made out an Eighth Amendment claim. However, Mr. Inman is proceeding pro se, and where he has alleged facts sufficient to survive a motion to dismiss, even if belatedly, it would be unfair to ignore them.[1]  Mr. Inman timely filed his objections to the Recommended Decision pursuant to 28 U.S.C. § 636, and the allegations did not differ significantly from the allegations in his Complaint – they merely provided additional context.

I appreciate that, once Mr. Inman's condition is better understood, it may turn out that his pain and vision impairment do not rise to the level of a constitutional injury. However, it is preferable to address that issue in the context of a motion for summary judgment where the parties can further develop the record regarding the nature of Mr. Inman's uncorrected eyesight, the status of his old pair of glasses, Ms. Riebe's promise to obtain new eyeglasses, the progress or lack thereof in procuring new eyeglasses for Mr. Inman, and the risk, if any, to Mr. Inman from being without his prescribed eyeglasses. I understand that a prison is not an eyeglass store, that some inmates should be able to purchase their own lenses, and that the Maine Correctional Center may be worried that in buying eyeglasses for one inmate, it may be required to buy eyeglasses for all. If these are some of the Maine Correctional Center's concerns, they may be addressed once the record has been developed to reflect the underlying facts.

---

[1]  Generally, a court must "read the allegations of a pro se complaint liberally, and not dismiss the action unless it appears 'beyond doubt that the plaintiff can prove no set of facts . . . which would entitle him to relief.'" *Guerro v. Mulhearn*, 498 F.2d 1249, 1256 (1st Cir. 1974) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

Of course, in the interim, the Maine Correctional Center may conclude that it is wiser to supply Mr. Inman with a new pair of eyeglasses than to spend the time, money, and effort arguing about whether his need for them rises to the level of a constitutional deprivation.

1. It is therefore <u>ORDERED</u> that the Recommended Decision (ECF No. 27) of the Magistrate Judge be and hereby is <u>AFFIRMED IN PART AND REJECTED IN PART</u>.

2. It is further <u>ORDERED</u> that the Defendants' Motion to Dismiss (ECF No. 16) be and hereby is <u>DENIED</u>.

SO ORDERED.

                                         /s/ John A. Woodcock, Jr.
                                         JOHN A. WOODCOCK, JR.
                                         UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2015