UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-0080-JAW |
| | ) | |
| WENDY RIEBE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION ON
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

In this action, Plaintiff contends that he was improperly denied adequate eyeglasses. The matter is before the Court on Plaintiff's request for a preliminary injunction. (ECF No. 40.) Through his motion, Plaintiff requests "a preliminary injunction to ensure that [he] receive[s] [his] eyeglasses that were sent by [his] eye doctor in Bangor." (Pl. Motion, ¶ 1.)

Following a review of the parties' submissions, and after consideration of the parties' arguments, I recommend that the Court deny the motion.

**Discussion**

"A preliminary injunction is an extraordinary and drastic remedy that is never awarded as of right." *Peoples Federal Sav. Bank v. People's United Bank*, 672 F.3d 1, 8-9 (1st Cir. 2012) (quoting *Voice of the Arab World, Inc. v. MDTC Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011)). To prevail on his request for a preliminary injunction, Plaintiff must demonstrate "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that the injunction is in the public interest." *Id*. (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

As the First Circuit has observed, the "four factors are not entitled to equal weight in the decisional calculus; rather, '[l]ikelihood of success is the main bearing wall of the four-factor framework.'" *Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 9-10 (1st Cir. 2013) (quoting *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 16 (1st Cir. 1996)).  In other words, the likelihood of success factor is "critical in determining the propriety of injunctive relief."  *Lancor v. Lebanon Housing Authority*, 760 F.2d 361, 362 (1st Cir. 1985).

To prevail on his claim, Plaintiff must demonstrate that Defendants' "acts or omissions [are] sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In order to establish "deliberate indifference to a serious medical need," Plaintiff must satisfy both an objective and a subjective standard.  *Id.*  The objective standard evaluates the seriousness of the risk of harm to health.  There must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'"  *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)).  A medical need is "serious" if it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would recognize a need for medical intervention.  *Leavitt*, 645 F.3d at 497; *Gaudreault v. Mun. of Salem*, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991)).  The subjective standard concerns the culpability of Defendants.  Plaintiff must present evidence that Defendants possessed a culpable state of mind amounting to "deliberate indifference to an inmate's health or safety."  *Farmer*, 511 U.S. at 834 (internal quotation marks omitted).  Deliberate indifference is akin to criminal recklessness, "requiring actual knowledge of impending harm, easily preventable."  *Feeney v. Corr. Med. Servs., Inc.*, 464 F.3d at 162 (quoting *Watson v. Caton*, 984 F.2d 537, 540 (1st Cir. 1993)).

2

The focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response." *Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002).

Here, Plaintiff has failed to demonstrate the likelihood of success element. While Plaintiff maintains that he has been deprived of adequate eye care and his prescription glasses, the affidavit testimony of Defendant Riebe, which affidavit incorporates some of Plaintiff's medical records, provides persuasive evidence to the contrary. More specifically, Defendant Riebe avers, and the records confirm, that Plaintiff received regular eye exams and, on more than one occasion in 2015, Defendants provided Plaintiff with a pair of eyeglasses. (Riebe Affidavit, ECF No. 41-1.)

The record reveals that Plaintiff prefers the wire frame eyeglasses that he obtained from his eye doctor. Prison policy, however, mandates that inmates wear a "standard black plastic frame." (Riebe Affidavit, ¶ 3.) Plaintiff is not constitutionally entitled to a particular frame. Plaintiff, therefore, has failed to present persuasive evidence to support his contention that he is likely to prevail on the claim.

Given that the likelihood of success factor is the "sine qua non of [the] four part inquiry," Plaintiff's failure to establish a likelihood of success on the merits warrants the denial of his request for preliminary injunctive relief. *New Comm Wireless Serv., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("[I]f the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.") (citing *Weaver v. Henderson*, 984 F.2d 11, 12 (1st Cir. 1993)).

Even though an extensive analysis of the other factors is unnecessary, the remaining three components of the analysis support the denial of Plaintiff's request. Because, the record suggests that Plaintiff is receiving regular, appropriate care, he has not demonstrated that he will suffer irreparable harm if he does not receive eyeglasses with wire frames, nor has he proven that

equitable considerations favor an injunction.  Finally, based on the current record, the prison's

eyeglass frame policy appears to be a reasonable means to provide for the safety of the prison

population and prison personnel.  The public interest therefore would not be served through the

issuance of an injunction.  In other words, "judicial restraint is especially called for in dealing with

the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211,

1214 (8th Cir. 1982).

## Conclusion

Based on the foregoing analysis, I recommend that the Court deny Plaintiff's Motion for

Preliminary Injunction.  (ECF No. 40.)

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 18th day of November, 2015.