UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRANK INMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   2:15-cv-0080-JAW |
| | ) |
| WENDY RIEBE, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTION FOR RECUSAL**

This matter is before the Court on Plaintiff's request that I recuse from further involvement in this matter. (ECF No. 54.) In support of his request, Plaintiff writes that a conflict exists because I "was involved in a criminal case of [Plaintiff's] out of Kennebec County in March 2012." (Pl. Motion at 1.) Plaintiff evidently maintains that recusal is required because in my prior position as a Maine State Superior Court Justice, I presided over one of Plaintiff's state court criminal matters.[1]

The fact that a judge has previously ruled adversely on matters involving a party is not a basis for recusal. *U.S. v. Giorgi*, 840 F.2d 1022, 1035 (1st Cir. 1988) ("the mere fact of an adverse ruling … does not – standing alone – create an inference of lack of [im]partiality") (citing *United*

---

[1] While Plaintiff references a Kennebec County matter, the record reflects that although some of the proceedings might have occurred in Kennebec County, the relevant state court matter was on the Somerset County docket. In *Inman v. Landry*, 2:15-cv-00243-GZS, an action brought pursuant to 28 U.S.C. § 2254, Plaintiff contends that his conviction for receiving stolen property in New Hampshire and his conviction for theft (Class C) in Maine involved the same property and, therefore, he was subjected to double jeopardy. A review of the record in the Somerset County matter that is the subject of Plaintiff's double jeopardy claim reveals that Justice M. Murphy presided over Plaintiff's plea to the theft charge (Class C) in Maine, and imposed the sentence on the charge. Justice Murphy also presided over Plaintiff's pleas to and imposed the sentences on a burglary charge and another theft charge (Class E), which pleas Plaintiff entered at the same time he pled to the theft charge (Class C). As part of the sentence on the burglary charge, the court sentenced Plaintiff to a period of probation. In May 2012, after Plaintiff admitted a violation of his probation on the burglary charge, I sentenced Plaintiff to thirty days in jail as a partial revocation of his probation. (2:15-cv-00243-GZS, ECF No. 8-1 at 9.)

*States v. Kelley*, 712 F.2d 884, 890 (1st Cir. 1983.)) Indeed, parties often appear before the same judge on a variety of matters. In fact, habeas actions commenced pursuant to 28 U.S.C. § 2255 are typically considered by the judge who entered judgment against and sentenced a petitioner. *See* Rule 4, Rules Governing Section 2255 Proceedings (upon filing of a section 2255 motion, "[t]he clerk must promptly forward the motion to the judge who conducted the trial and imposed sentence, or, if the judge who imposed sentence was not the trial judge, to the judge who conducted the proceedings being challenged.") To the extent, therefore, that Plaintiff contends that my involvement as a judge in a criminal matter to which he was a party in state court requires recusal, Plaintiff's argument fails. *Liteky v. United States*, 510 U.S. 540, 551 (1994) ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same defendant.").

Plaintiff's motion for recusal is denied.

### CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of December, 2015.