UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:15-cv-00080-JAW |
| | ) | |
| WENDY RIEBE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON DEFENDANTS' MOTION TO STRIKE
PLAINTIFF'S SUMMARY JUDGMENT MOTION**

In this action, Plaintiff Frank Inman alleges that Defendants subjected him to cruel and unusual punishment by denying him necessary medical care while he was incarcerated. The matter is before the Court on Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment. (ECF No. 73.) Plaintiff did not file a response to the motion.[1] After consideration of the motion, the Court denies the motion, but orders Plaintiff to show cause as to why the motion for summary judgment should not be denied based on his failure to comply with the applicable rules.

**Background**

On February 1, 2016, Plaintiff filed a motion for summary judgment. (ECF No. 69.) Plaintiff's motion consists of 10 enumerated paragraphs in which Plaintiff sets forth the bases of his belief that he is entitled to judgment against Defendants in the amount of $750,000. For example, Plaintiff asserts:

> It seems very clear that I have a very long list of medical professionals that may support my claims against defendants, therefore, leading to a very long trial that many doctor's may be on my list that will be well beyond what the defendants can beat. The defendants are 2 doctor's that may not amount to several well known doctor's that I may have from across the state and other states.

---

[1] Pursuant to Local Rule 7(b), if a party fails to file an objection within 21 days of the filing of a motion, the "party shall be deemed to have waived objection."

(Motion ¶ 9.)  Plaintiff's motion also includes certain factual statements, without filing or citing to a summary judgment record.  At the conclusion of his motion, Plaintiff writes, "I hereby declare the foregoing to be true to the best of my knowledge, therefore, signed on 1-28-16 in good faith of the laws and under oath of this Honorable Court."  (*Id.* at 4.)  The motion does not reflect that an oath was administered or witnessed by a notary or any other person authorized to administer an oath.

## Discussion

Defendants request that the Court strike Plaintiff's motion for noncompliance with Federal Rule of Civil Procedure 56 and District of Maine Local Rules 7 and 56.  (Motion at 1 – 3.)  Defendants maintain that to require them to respond to a summary judgment motion that blatantly fails to comply with the applicable rules would be unfair.  (*Id.* at 2.)

Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment, and that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  To obtain summary judgment, a party must show that he is entitled to judgment based on evidence in the record.  Fed. R. Civ. P. 56(c).  Although a summary judgment record can be based on an affidavit, the affidavit must "set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  For an affidavit to be considered evidence, the affidavit must be executed in the presence of a notary and bear the notary's seal, or be subscribed to by the affiant under penalty of perjury and dated, using substantially similar language to the language set forth in 28 U.S.C. § 1746.[2]  In

---

[2] 28 U.S.C. § 1746 provides that within the United States, the attestation must be substantially as follows: "I declare (or certify, verify, or state) under penalty of perjury that the following is true and correct.  Executed on (date)."

this case, Plaintiff's attestation does not bear a notary's seal.  In addition, because Plaintiff asserts that the information is "true to the best of my knowledge," Plaintiff's assertions are qualified and, therefore, the language is not substantially similar to the language authorized by section 1746.[3] Plaintiff thus has not complied with the requirement of Rule 56 that he provide an appropriate summary judgment record.

Plaintiff has also failed to comply with the summary judgment requirements of the District of Maine Local Rules.  Local Rule 56 requires that factual assertions in support of or in opposition to a motion for summary judgment must be set forth in a separate statement of material facts, that each factual statement be set forth in its own numbered paragraph, and that each factual statement be followed by a citation to record material that supports the statement.  D. Me. Loc. R. 56(a), (b), (f).  In addition, under Local Rule 7, a party must file a memorandum of law in support of a motion for summary judgment.  The rules are designed to ensure an orderly procedure for determining a party's entitlement to summary judgment and compliance is mandatory for both represented and pro se litigants.  *Doe v. Solvay Pharm., Inc.*, 350 F. Supp. 2d 257, 260 & n.3 (D. Me. 2004), *aff'd* 153 Fed. App'x 1 (1st Cir. 2005).  Here, Plaintiff has not filed a statement of material facts in accordance with Local Rule 56, and has not filed a memorandum of law in accordance with Local Rule 7.

Because Plaintiff has failed to comply with the applicable rules of procedure, the issue is whether the relief requested (i.e., the striking of the motion for summary judgment) is appropriate.  Federal Rule of Civil Procedure 12(f) authorizes the Court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Plaintiff's motion

---

[3] Even if the language is deemed to be substantially similar to the form of section 1746, Plaintiff cannot introduce the opinions of medical experts through his own affidavit because his statement of their opinions is hearsay.  Fed. R. Evid. 801 – 802.

3

cannot reasonably be construed to fall within the scope of Rule 12(f).  Indeed, Defendants do not cite Rule 12 in support of their request that the Court strike the motion.  Given that motions to strike are "disfavored in practice, and not calculated readily to invoke the court's discretion," *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985), the Court concludes that the striking of the motion for summary judgment is not appropriate.

Nevertheless, to require Defendants to incur the time and expense necessary to respond to a motion for summary judgment that plainly and materially fails to comply with the applicable rules would be unfair and would not serve the interests of judicial economy.[4]  Given the deficiencies in Plaintiff's summary judgment filing, the Court orders Plaintiff to show cause on or before April 8, 2016, as to why the Court should not deny the motion for summary judgment without requiring Defendants to respond to the motion.  If Plaintiff fails to show cause, the Court could deny Plaintiff's motion for summary judgment.

## Conclusion

Based on the foregoing analysis, the Court denies Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment (ECF No. 73).  The Court further orders Plaintiff to show cause on or before April 8, 2016, as to why the Court should not deny the motion for summary judgment without requiring Defendants to respond to the motion.  If Plaintiff fails to show cause, the Court could deny Plaintiff's motion for summary judgment.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

Dated this 24th day of Marc, 2016.

/s/ John C. Nivison
U.S. Magistrate Judge

---

[4] I recognize that generally, pro se litigants are not held to the same standards as attorneys, particularly with respect to "technical rules of procedure." *Ericson v. Magnusson*, No. 2:12-cv-00178-JAW, 2013 WL 2634761, at *2 (D. Me. June 12, 2013).  However, "pro se status does not free a litigant in a civil case of the obligation to comply with procedural rules." *Id.* (quoting *Rivera v. Riley*, 209 F.3d 24, 28 n.2 (1st Cir. 2000)).