UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| FRANK INMAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   2:15-cv-0080-JAW |
| | ) |
| WENDY RIEBE, et al., | ) |
| | ) |
|    Defendants | ) |

**RECOMMENDED DECISION
ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In this action, Plaintiff Frank Inman alleges that Defendants subjected him to cruel and unusual punishment by denying him necessary medical care while he was incarcerated. The matter is before the Court on Plaintiff's Motion for Summary Judgment. (ECF No. 69.) I recommend the Court deny Plaintiff's motion.

**Discussion**

On February 1, 2016, Plaintiff filed a motion for summary judgment. (ECF No. 69.) Plaintiff's motion consists of 10 numbered paragraphs in which Plaintiff sets forth the bases for his belief that he is entitled to judgment against Defendants in the amount of $750,000. For instance, Plaintiff asserts:

> It seems very clear that I have a very long list of medical professionals that may support my claims against defendants, therefore, leading to a very long trial that many doctor's may be on my list that will be well beyond what the defendants can beat. The defendants are 2 doctor's that may not amount to several well known doctor's that I may have from across the state and other states.

(Motion ¶ 9.) Plaintiff's motion also includes certain factual statements, without filing or citing to a summary judgment record. At the conclusion of his motion, Plaintiff writes, "I hereby declare the foregoing to be true to the best of my knowledge, therefore, signed on 1-28-16 in good faith of

the laws and under oath of this Honorable Court." (*Id.* at 4.) The motion does not reflect that an oath was administered or witnessed by a notary or any other person authorized to administer an oath.

On February 5, 2016, Defendants moved to strike the motion for summary judgment. (ECF No. 73.) The Court denied the motion to strike, but given the apparent deficiencies in Plaintiff's summary judgment submission, the Court ordered "Plaintiff to show cause on or before April 8, 2016, as to why the Court should not deny the motion for summary judgment without requiring Defendants to respond to the motion." (Order on Defendants' Motion to Strike, ECF No. 79, at 4.) Plaintiff has not filed a response to the show cause order.

As explained in the order on Defendants' motion to strike:

> Federal Rule of Civil Procedure 56 provides that a party may move for summary judgment, and that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(a). To obtain summary judgment, a party must show that he is entitled to judgment based on evidence in the record. Fed. R. Civ. P. 56(c). Although a summary judgment record can be based on an affidavit, the affidavit must "set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). For an affidavit to be considered evidence, the affidavit must be executed in the presence of a notary and bear the notary's seal, or be subscribed to by the affiant under penalty of perjury and dated, using substantially similar language to the language set forth in 28 U.S.C. § 1746.[1] In this case, Plaintiff's attestation does not bear a notary's seal. In addition, because Plaintiff asserts that the information is "true to the best of my knowledge," Plaintiff's assertions are qualified and, therefore, the language is not substantially similar to the language authorized by section 1746.[2] Plaintiff thus has not complied with the requirement of Rule 56 that he provide an appropriate summary judgment record.
>
> Plaintiff has also failed to comply with the summary judgment requirements of the District of Maine Local Rules. Local Rule 56 requires that factual assertions in

---

[1] 28 U.S.C. § 1746 provides that within the United States, the attestation must be substantially as follows: "I declare (or certify, verify, or state) under penalty of perjury that the following is true and correct. Executed on (date)."

[2] Even if the language is deemed to be substantially similar to the form of section 1746, Plaintiff cannot introduce the opinions of medical experts through his own affidavit because his statement of their opinions is hearsay. Fed. R.Evid. 801 – 802.

> support of or in opposition to a motion for summary judgment must be set forth in a separate statement of material facts, that each factual statement be set forth in its own numbered paragraph, and that each factual statement be followed by a citation to record material that supports the statement. D. Me. Loc. R. 56(a), (b), (f). In addition, under Local Rule 7, a party must file a memorandum of law in support of a motion for summary judgment. The rules are designed to ensure an orderly procedure for determining a party's entitlement to summary judgment and compliance is mandatory for both represented and pro se litigants. *Doe v. Solvay Pharm., Inc.*, 350 F. Supp. 2d 257, 260 & n.3 (D. Me. 2004), *aff'd* 153 Fed. App'x 1 (1st Cir. 2005). Here, Plaintiff has not filed a statement of material facts in accordance with Local Rule 56, and has not filed a memorandum of law in accordance with Local Rule 7.

(Order at 2-3.)

Because Plaintiff has not complied with the rules governing summary judgment, because Plaintiff has not demonstrated cause as to why the Court should not deny his motion for summary judgment without requiring Defendants to respond to the motion, and because Plaintiff has not otherwise established a basis for summary judgment, Plaintiff is not entitled to summary judgment.

## Conclusion

Based on the foregoing analysis, I recommend the Court determine Plaintiff has failed to show cause as required by the Court's order to show cause (ECF No. 80), and deny Plaintiff's Motion for Summary Judgment (ECF No. 69).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 5th day of May, 2016.