UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-0080-JAW |
| | ) | |
| WENDY RIEBE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO SEAL**

This matter is before the Court on Defendants' motion to seal the exhibits filed in support of their motion for summary judgment. In particular, Defendants seek to seal Plaintiff's medical records and related information. (ECF No. 88.) Defendants acknowledge that given the nature of Plaintiff's claim, Plaintiff's health and thus his medical information are central issues in the case. Defendants, however, filed the motion to seal in order to present to the Court the issue of whether under the circumstances of this case, the medical information should be sealed. With one limited exception, I deny the motion.

**Discussion**

When a court considers a motion to seal, the court must be mindful that the law recognizes a presumption "of public access to judicial proceedings and records." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). As the First Circuit has acknowledged, however, "[t]hough the public's right to access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id*. at 59 (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). In its assessment of a request to seal, a court is

required to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *Id*.

In this case, the interests that must be considered are Plaintiff's right to privacy as to his medical information and the public's right of access to information a court reviews and relies upon when making a determination on a dispositive motion in this case.  Significantly, Plaintiff's medical condition and Defendant's treatment of Plaintiff's medical condition are the central issues in the case.  In fact, Plaintiff has filed numerous documents, including his own motion for summary judgment (ECF No. 69), in which documents he discusses in some detail his medical condition.  Given that Plaintiff initiated this action in which he complained about Defendants' treatment of his various medical conditions, and given that the public interest in access to judicial decisions and the record upon which the decisions are based is of "paramount" significance, *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987), the general seal of the exhibits to Defendants' motion for summary judgment is not warranted.

I recognize, however, that the medical records contain certain personal identifying information[1] that is not pertinent to the Court's assessment of Defendants' summary judgment motion.  Defendants shall review the medical records, redact any personal identifying information from the records, and file with the Court a redacted version of the records.  Defendants shall file the redacted version within the time for objections to this Order.  The exhibits to Defendants' motion for summary judgment shall remain sealed until the objection period has expired, provided Defendants file the redacted records in accordance with this Order.[2]

---

[1] The personal identifying information includes Plaintiff's date of birth, and the records could possibly include other potential identifying information such as Plaintiff's personal address and social security number.

[2] In the event a party files an objection to this Order, the exhibits shall remain under seal until the Court rules on any such objection.

**Conclusion**

Based on the foregoing analysis, I grant the motion to seal only as to the personal identifying information as set forth herein. Otherwise, I deny Defendants' motion to seal.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of July, 2016.