UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| FRANK INMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:15-cv-0080-JAW |
| WENDY RIEBE, et al., | ) | |
| Defendants | ) | |

# RECOMMEDED DECISION ON
# PLAINTIFF'S REQUEST FOR RELIEF FROM JUDGMENT

In this action, Plaintiff Frank Inman alleged that Defendants Wendy Riebe, Robert Clinton, M.D., and George Stockwell, M.D., were deliberately indifferent to his serious medical needs while he was incarcerated at the Maine Correctional Center. On August 1, 2017, the Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants.[1] (Order, ECF No. 97; Judgment, ECF No. 98.)

On October 6, 2017, the Court received a letter from Plaintiff in which Plaintiff stated he had "newly discovered information there is factual proof that plaintiff was in fact suffering from Huntington's disease and it was active since 2011 [and that] therefore defendants' denying that the plaintiff was not active was a lie." (ECF No. 99.) On October 25, 2017, the Court received a second letter from Plaintiff in which Plaintiff referred to his prior letter as a request to reopen the case. (ECF No. 100.) The Court construes Plaintiff's

---

[1] Plaintiff failed to file materials in opposition to the motion, and he failed to file an objection to the Recommended Decision the Court adopted in granting the motion for summary judgment.

filings to be a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). After review of Plaintiff's submissions, I recommend the Court deny Plaintiff's request for relief.[2]

## Discussion

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his motion, Plaintiff in essence asserts that the case should be reopened because new evidence proves Defendants misled the Court in their summary judgment motion regarding Plaintiff's "active" Huntington's disease. Plaintiff's argument is unavailing.

---

[2] Title 28 U.S.C. § 636 authorizes a magistrate judge to issue an order upon the district judge's referral of certain pretrial matters. Because the motion before the Court requests post-judgment relief, the matter is addressed by means of a recommended decision. *See Conetta v. Nat'l Hair Care Centers, Inc.*, 236 F.3d 67, 74 (1st Cir. 2001) (holding that the district court should review merits of a Rule 60(b) motion de novo, despite magistrate judge's issuance of an order on the motion).

In granting summary judgment, upon review of the record, the Court found that Plaintiff has the genetic marker for Huntington's disease, and that the condition was "premanifest" in 2009. (Recommended Decision at 3.) The Court also noted that in 2015, a consulting physician "did not notice much in the way of signs of Huntington's disease at the time." (*Id.* n.4.) The Court, however, did not grant summary judgment based on a finding that Plaintiff in fact suffered from Huntington's disease. Rather, the Court granted summary judgment because the uncontroverted record established that Defendants monitored and treated Plaintiff's medical conditions, and thus were not deliberately indifferent to Plaintiff's medical needs. (*Id.* at 7-8.)

In short, even if Plaintiff could present evidence to support his contention that his condition had progressed by the time the Court entered summary judgment, the evidence would not be material to the Court's judgment. Furthermore, to the extent Plaintiff contends Defendants committed a fraud on the Court in connection with the motion for summary judgment filings, Plaintiff's argument lacks any basis in fact.[3]

## Conclusion

Based on the foregoing analysis, I recommend the Court deny Plaintiff's request for relief from judgment.

---

[3] "A 'fraud on the court' occurs where it can be demonstrated, clearly and convincingly, that a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier or unfairly hampering the presentation of the opposing party's claim or defense." *Aoude v. Mobil Oil Corp.*, 892 F.2d 1115, 1118 (1st Cir. 1989). Plaintiff's presentation has presented no evidence that would support such a finding.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 9th day of November, 2017.