UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| FRANK INMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00080-JAW |
| | ) | |
| WENDY RIEBE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

The Court affirms a recommended decision that a civil plaintiff's motion for relief from judgment be denied, because the plaintiff's motion does not establish that any evidence was newly discovered under Federal Rule of Civil Procedure 60(b), because the plaintiff's complaints about failing to receive documents was caused by the plaintiff's own failure to maintain a current address with the Court, and because in any event, the plaintiff's Rule 60(b) motion is time-barred.

**I.     BACKGROUND**

On March 2, 2015, Frank Inman, then an inmate in the Maine Correctional Center (MCC), filed a complaint with this Court against three individual medical providers at the MCC, alleging that they failed to render him proper medical treatment and thereby violated 42 U.S.C. § 1983. *Compl.* (ECF No. 1). On June 30, 2015, the Magistrate Judge issued a recommended decision in which he recommended that the Court grant a motion to dismiss as to Wendy Riebe, but deny

the motion as to the remaining defendants.  *Recommended Decision* (ECF No. 27). On August 18, 2015, the Court rejected the Magistrate Judge's recommendation as to Wendy Riebe and affirmed the recommendation as to the other defendants.  *Order Affirming in Part and Rejecting in Part the Recommended Decision of the Magistrate Judge* (ECF No. 35).  On September 2, 2015, the Defendants answered Mr. Inman's Complaint.  *Ans., Defenses and Affirmative Defenses of Defs. Wendy Riebe, HSA, Dr. Robert Clinton, MD, and Dr. George Stockwell, DO and Req. for Trial by Jury* (ECF No. 38).  After discovery and a series of non-dispositive motions and orders, on February 1, 2016, Mr. Inman filed a motion for summary judgment.  *Mot. for Summ. J.* (ECF No. 69).  On May 5, 2016, the Magistrate Judge recommended that the Court deny Mr. Inman's motion for summary judgment.  *Recommended Decision on Pl.'s Mot. for Summ. J.* (ECF No. 83).  On June 2, 2016, the Court affirmed the May 5, 2016 recommended decision.  *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 89).

On May 16, 2016, the Defendants filed a motion for summary judgment.  *CCS Defs.' Mot. for Summ. J.* (ECF No. 87).  On July 1, 2016, the Magistrate Judge issued a recommended decision in which he recommended that the Court dismiss Mr. Inman's claims against each Defendant.  *Recommended Decision on Defs.' Mot. for Summ. J.* (ECF No. 91).  On August 1, 2016, the Court affirmed the recommended decision, and on August 2, 2016, the Clerk's Office entered judgment in favor of the Defendants and against Mr. Inman.  *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 97); *J.* (ECF No. 98).

On October 6, 2017, Mr. Inman filed a letter with the Court. *Letter from Frank Inman to Clerk of Ct.* (ECF No. 99). In the letter, Mr. Inman wrote:

> Due to newly discovered information there is factual proof that plaintiff was in fact suffering from Huntington's disease and it was active since 2011 when plaintiff was hit by a car. Therefore defendant[]s denying that the plaintiff was not active was a lie.
>
> Plaintiff brought Jonathan Richard with him to plaintiffs appointment with his Huntington's specialist, therefore Mr. Richard is a witness. Plaintiffs specialist said he's in the mid stages of the disease, he ordered that the plaintiff eat 5000 calories a day, drink 3 boost drinks, and continue his 4000 mg of fish oil. The specialist said plaintiff requires regular care and regular appointments with the specialist to make sure the plaintiff is in the best health for the disease.

*Id.* at 1.

Mr. Inman followed his October 6, 2017 letter with another letter that he filed with the Court on October 25, 2017. *Letter from Frank Inman to Clerk* (ECF No. 100). In this letter, he wrote:

> This is Frank Inman. I'm writing in regards to case Frank Inman v. [W]endy Riebe et al. I wrote a letter about 2 or three weeks ago about reopening the case[,] but I have not heard anything back. I've also been waiting to hear back on the case I tried to file Frankie Inman-Arbo v. Mark Sullivan, Megan Sullivan, and Michelle Sullivan; as I am incarcerated I do need the general assistance with filing like I have with the other cases I've filed due to not having access to a computer puts a burden on me, therefore, requesting that I type in correct format places an unreasonable burden on me.
>
> Thank you very much for your time and I look forward to hearing from you.

*Id.* at 1.

On November 9, 2017, the Magistrate Judge issued a recommended decision in which he construed Mr. Inman's filings to be a motion for relief from judgment

3

pursuant to Federal Rule of Civil Procedure 60(b). *Recommended Decision on Pl.'s Req. for Relief from J.* (ECF No. 101) (*Recommended Decision*). The Magistrate Judge recommended that the Court deny the motion for relief from judgment. *Id.* at 2. The Magistrate Judge explained that he had not recommended the granting of Defendants' motion for summary judgment "based on a finding that Plaintiff in fact suffered from Huntington's disease. Rather, the Court granted summary judgment because the uncontroverted record established that Defendants monitored and treated Plaintiff's medical conditions, and thus were not deliberately indifferent to Plaintiff's medical needs." *Id.* at 3. The Magistrate Judge further wrote that "even if Plaintiff could present evidence to support his contention that his condition had progressed by the time the Court entered summary judgment, the evidence would not be material to the Court's judgment." *Id.* Finally, "to the extent Plaintiff contends Defendants committed a fraud on the Court in connection with the motion for summary judgment filings, Plaintiff's argument lacks any basis in fact." *Id.*

On November 15, 2017, the Clerk's Office indicated that although it had mailed the Magistrate Judge's recommended decision to Mr. Inman, it had been "returned as undeliverable." *Envelope* (ECF No. 102). The Clerk's Office had sent the recommended decision to his last known address on Deer Isle Road in Bangor, Maine. *Envelope* (ECF No. 102). Although a different return address appeared on his October 2017 filings, in February 29, 2016, Mr. Inman had officially notified the Court of the of address to Deer Isle Road in Bangor, and there had been no further notice of a new address. *Notice of Change of Address* (ECF No. 77). After the Recommended

4

Decision was returned to the Clerk's Office as undeliverable, on November 15, 2017, the Clerk's Office sent the Recommended Decision to Mr. Inman at the Hammond Street address in Bangor that appeared in the return address of his envelope.

On November 17, 2017, Mr. Inman moved to extend the deadlines in this case generally and the deadline for his objection to the recommended decision specifically. *Letter from Frank Inman* (ECF No. 103). On November 21, 2017, the Magistrate Judge denied the motion to extend the deadlines generally, but he granted the motion to extend the deadline to make an objection to his recommended decision from November 24, 2017 to December 8, 2017. *Order* (ECF No. 104). Despite the extended deadline, Mr. Inman filed his objection on November 22, 2017. *Letter to Clerk* (ECF No. 105) (*Pl.'s Obj.*). On December 6, 2017, the Defendants filed a response to Mr. Inman's objection. *CCS Defs.' Resp. to Pl.'s Obj. to Magistrate's Report and Recommended Decision on his Mot. for Relief from J. (ECF No. 105)* (ECF No. 107) (*Defs.' Opp'n*).

## II. THE POSITIONS OF THE PARTIES

### A. Frank Inman's Objection

In his objection, Mr. Inman first writes:

The Court states that a summary judgment was granted to the defendant[]s on August 1, 2017. I'd like to make it known that defendants counsel told me during a phone call back in 2016 that the Court had dismissed the case in their favor. Therefore I was misle[]d by the oppos[]ing party due to the fact of this misleading information.

*Pl.'s Obj.* at 1.

5

Mr. Inman next asserts that he "did not get any letters from the court or the defendants in regards to the motion for summary judgment. Therefore, I was deprived of the proper chance to file my objection to the motion filed by the defendants." *Id.*

Third, Mr. Inman states that while he was incarcerated, the MMC kept his mail from being sent out to his Huntington's specialist, therefore "depriving me of the chance of getting any information from him and/or getting as a witness in my behalf of the case." *Id.* He says he has witnesses who will confirm these allegations. *Id.*

Fourth, Mr. Inman alleges that the Defendants failed to provide any medical information to the doctor whom he saw at their request, and therefore Mr. Inman was unable to document his condition to the examining doctor. *Id.* He says that the doctor confirmed he was not an expert in Huntington's disease and was not familiar with it. *Id.* He claims there are "still significant issues at hand with this case." *Id.*

B.  **The Defendants' Opposition**

Responding to Mr. Inman's contention that Michael Saucier, the Defendants' prior counsel, mislead him, the Defendants point out that the Court granted summary judgment on August 1, 2016 and that the August 1, 2017 date in the recommended decision was an "honest mistake." *Defs.' Opp'n* at 3-4.

Regarding Mr. Inman's claim that he did not receive notification of the motion for summary judgment or the Court's orders, the Defendants observe that Mr. Inman gave notice that he was living at an address on Deer Isle in Bangor, Maine in February 2016. *Id.* at 4. As he had been released by MMC as early as February 2016,

Mr. Inman was not incarcerated in May 2016, when the Defendants filed their motion for summary judgment, in July 2016, when the Magistrate Judge issued his recommended decision, and in August 2016 when the Court affirmed the recommended decision and entered judgment. Therefore, the Defendants argue, Mr. Inman's claims about the MCC seizing his mail are "without merit." *Id.* The Defendants say that both they and the Court had a right to assume that the mailing address Mr. Inman provided was accurate. *Id.* at 4-5.

Finally, the Defendants claim that Mr. Inman failed to comply with the requirements of Rule 60(b) and (c), including the one-year period for filing such a motion. *Id.* at 5.

## III. DISCUSSION

Mr. Inman's contentions concerning the August 1, 2017 date are easily cleared up: the Magistrate Judge's November 9, 2017 recommended decision contained a typographical error. It states:

> On August 1, 201*7*, the Court granted Defendants' motion for summary judgment and entered judgment in favor of Defendants. (Order, ECF No. 97; Judgment, ECF No. 98).

*Recommended Decision* at 1 (emphasis supplied). This is simply a mistake. The docket reflects that the Court issued its order adopting the recommended decision of the Magistrate Judge on August 1, 2016 and the Clerk entered judgment on August 2, 2016. If Attorney Saucier informed Mr. Inman in August 2016 that the Court had issued a judgment against him, Attorney Saucier would have been telling Mr. Inman the truth.

7

Next, as regards Mr. Inman's allegation that he did not receive the Defendants' May 2016 motion for summary judgment, the Magistrate Judge's recommended decision, and the Court's affirmance and judgment, the record reflects that on February 29, 2016, Mr. Inman filed a Notice of Change of Address, listing his then address as 68 Deer Isle, Bangor, Maine. Until Mr. Inman notified the Court of a new address, the Defendants and the Court had a right to rely on the ongoing accuracy of his stated address. Furthermore, unlike the notice that the Clerk's Office received from the Postal Service on November 15, 2017 that the mail to Mr. Inman at 68 Deer Isle was undeliverable, none of the mail that the Court sent to that address beginning March 2016 was returned. The Court is uncertain why Mr. Inman did not receive Defendants' motion and its orders, but the obligation to maintain a current address with the Court does not rest with the Defendants or the Court. It rests solely with Mr. Inman. *Adams v. Landry*, No. 2:15-cv-00282-JAW, 2016 U.S. Dist. LEXIS 91960, at *4-5 (D. Me. Jul. 15, 2016), *aff'd* 2016 U.S. Dist. LEXIS 106756 (Aug. 12, 2016). Mr. Inman may not blame defense counsel or the Court for his failure to maintain a current address with the Clerk's Office.

As regards Mr. Inman's complaints about MCC blocking his mail to his treating physician and failing to provide the examining physician with documentation of his Huntington's disease, again, the record reflects that Mr. Inman was released from MCC as early as late February 2016, well before the Defendants filed their motion for summary judgment in May 2016. The discovery deadline did not lapse until April 1, 2016. *Order* (ECF No. 62). This information cannot be deemed

"newly discovered" because Mr. Inman either knew it or could have discovered it in the spring of 2016.

Finally, Federal Rule of Civil Procedure 60(c)(1) provides that a motion for relief from judgment or order must be filed "within a reasonable time" and where the motion is based on "newly discovered evidence", the motion must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Here, the order granting the motion for summary judgment was entered on August 1, 2016 and the judgment was issued on August 2, 2016. Following these events, Mr. Inman filed his first letter on October 6, 2017 and his second letter on October 25, 2017, both more than one year after judgment was entered. Mr. Inman's motion for relief from judgment is time-barred. *See United States v. Berenguer*, 821 F.2d 19, 21 (1st Cir. 1987) (citing *Chang v. Smith*, 778 F.2d 83, 86 (1st Cir. 1985); 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FED. PRACTICE AND PROCEDURE § 2866 (3d ed. 2017) ("A motion under clauses (1), (2), or (3) must be denied as untimely if made more than one year after judgment regardless of whether the delay was reasonable")). There is a potential escape hatch under Federal Rule of Civil Procedure 60(b)(6), but relief under that subsection is limited to "extraordinary cases in which the unusual circumstances justify a party's delay." *Berenguer*, 821 F.2d at 21. Mr. Inman has made no such showing.

## IV. CONCLUSION

Having performed a de novo review of the Magistrate Judge's recommended decision (ECF No. 101), the Court AFFIRMS the recommended decision,

9

OVERRULES Frank Inman's objection (ECF No. 105) to the recommended decision, and DISMISSES Frank Inman's motion for relief from judgment (ECF No. 100) for the reasons set forth in the Magistrate Judge's recommended decision and set forth herein.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 8th day of December, 2017